In the Matter of the Claim of CARMELA PATANE, Respondent, against E. B. CARLEY AND COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* This is an appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding benefits on account of the death of claimant's husband, Joseph Patane.

In the regular course of their employment deceased and a coworker were removing planks from a scaffold, each standing on a stepladder. The last plank removed was thirteen feet long and one and one-quarter inches thick, nailed to four-inch by four-inch uprights. In the work decedent reached up, cranked for two or three minutes with an iron pinch bar to loosen the plank, assisted by his coworker, preparatory to handing it down to laborers on the ground. After the plank was removed, the men descended their ladders, decedent tumbling to the ground from the second or third step. His coworker, going to him immediately, found him unconscious and noted a small bump over his eye. Taken at once to the hospital, he died there about two and one-half hours later. The hospital record relates the history of a fall, striking of the head, and the existence of a bluish, soft fluctuant swelling over the right eyebrow. No skull fracture was found. The cause of death was certified by Dr. Goldstein, Assistant New York City Medical Examiner, who performed the autopsy, as spontaneous, subarachnoid hemorrhage — rupture of aneurysm of Circle of Willis — cerebral compression. Dr. Goldstein, as a witness for employer, testified that neither the fall nor decedent's work was a causative factor of the spontaneous rupture.

For the claimant, Dr. Agin, who concededly had never seen deceased, testified to a review of the hospital records and the examiner's autopsy report. He expressed the opinion that the combination of the work prior to the fall (though deceased's usual work), the elevation and the trauma as a result of the fall established a causal relationship. He expressed the opinion, also, that the fact of decedent's failure to drop the pinch bar, which he was holding as he descended the ladder, negatived the supposition of a dizzy spell or a spontaneous rupture prior to the fall.

In support of their assertion of lack of substantiality of evidence to support the finding of death resulting from an accidental injury, appellants cite *Matter of McCormack* v. *National City Bank* (303 N. Y. 5) and *Matter of Peploe* v. *Burns Bros.* (281 App. Div. 134). In the *McCormack* case it was pointed out that no one had seen the deceased fall and that there was no evidence that he struck his head. In the *Peploe* case there was a difference of opinion between physicians as to the term and existence of a coronary infarction. In that case Presiding Justice FOSTER said (p. 136), "If there is medical proof in the record sufficient to sustain a finding that trauma, such as a fall, played any part in decedent's death the case would present no difficulty." In this case there is direct evidence of the fall and the resultant bruise on the head.

While there is agreement between the physicians as to the pre-existence of the aneurysm, they differ sharply in opinions relating to the cause of the rupture.

There was substantial evidence upon which the board could properly resolve as a question of fact the differences in medical opinions.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.