CITY OF TROY UNIT OF THE RENSSELAER COUNTY CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, *v.* CITY OF TROY, Appellant.

Third Department, March 16, 1971.

*Carl W. Engstrom, Corporation Counsel (Edward O. Spain* of counsel), for appellant.

*De Graff, Foy, Conway & Holt-Harris (James D. Featherstonhaugh, John T. De Graff* and *John Carter Rice* of counsel), for respondent.

SIMONS, J.   This is an appeal from an order of the Supreme Court at Special Term, entered September 30, 1970 in Rensselaer County, which granted respondent's motion for summary judgment and dismissed a cross motion by appellant for summary judgment.

At issue is the interpretation of a contract between the appellant and respondent affecting the hours of employment for clerical employees of the City of Troy for the period January 1, 1970 to December 31, 1971. The contract does not state how many hours those employees must work daily or weekly.

It is the contention of the respondent that for 40 years the appellant's clerical employees have worked no more than 30 hours per week from 9:00 A.M. to 4:00 P.M. with an hour off for lunch and that the present employees are entitled to that benefit under article XV of the contract.   Article XV provides:

" Any rights, privileges, or benefits already accorded the employees of the City of Troy shall not be rescinded.

"All existing rules, regulations, practices and benefits of the employer which are more favorable to the employee will remain in full force and effect during the life of this contract."

After the execution of the contract, the appellant hired a new City Manager. He directed the clerical employees to work from 9:00 A.M. to 5:00 P.M. five days a week with a half-hour off for lunch each day. The appellant relies on article V of the contract which provides that employees shall not work in excess of 40 hours per week and also on subdivision 1 of section 220 and subdivision 3 of section 160 of the Labor Law which provide that 8 hours shall constitute a legal day's work.

On February 1, 1969, prior to the execution of this contract, the Common Council of the City of Troy adopted an ordinance, amended August 14, 1969, dealing with vacation, sick leave and leaves of absence for officers and employees of the City of Troy but which also provided "the city manager shall establish the average number of hours per week for any officers, and employees, but in no event shall such number of hours be less than 35 hours per week".

That ordinance defines and determines the terms of the contract. (10 N. Y. Jur., Contracts, § 204; 17A C. J. S., Contracts, § 330.) This is obviously so when the contract itself is silent on the subject. Whether the ordinance is incorporated into the contract by reference or not is immaterial. Contract obligations are determined by the law in force when the contract is made. (*People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356; *Burns* v. *City of New York,* 121 App. Div. 180.) While the hours provision of the 1969 ordinance remained in effect, the former City Manager was powerless to execute a contract contrary to its terms. (*Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45, 52–53.)

Ratification of the contract by resolution of the Common Council December 4, 1969 did not constitute a repealer or amendment of the ordinance on minimum hours of work which entitled the employees to return to their 30-hour week. An ordinance is a legislative act. A resolution is not legislation in the strictest sense of the word. It is a ministerial act declarative of the will of the corporation. (*Matter of Collins* v. *City of Schenectady,* 256 App. Div. 389; 40 N. Y. Jur., Municipal Corporations, § 707.) An ordinance must be repealed or amended by legislative act of equal stature. (40 N. Y. Jur., Municipal Corporations, § 718.)

It is settled that lunch time does not constitute part of the work day. (*McElroy* v. *City of New York,* 50 Misc 2d 223, affd. 29 A D 2d 737.) The employees are bound to work the minimum

required by the ordinance, 35 hours per week exclusive of the lunch period.

The argument of the appellant that the contract called for a 40-hour week or that the quoted sections of the Labor Law fixed minimum hours of employment is without merit. These specifications set forth maximums.

The order should be modified, on the law, so as to provide that defendant be directed to schedule a 35-hour work week, exclusive of the lunch period, and, as so modified, affirmed, without costs.

HERLIHY, P. J., and REYNOLDS, J. (dissenting). A reading of the contract in conjunction with subdivision 13 of section 201 of the Civil Service Law would seem to warrant and, in our opinion, mandate affirmance.

GREENBLOTT and COOKE, JJ., concur with SIMONS, J.; HERLIHY, P. J., and REYNOLDS, J., dissent, and vote to affirm, in a memorandum.

Order modified, on the law, so as to provide that defendant be directed to schedule a 35-hour work week, exclusive of the lunch period, and, as so modified, affirmed, without costs.