S. Richard Gross, Esq. Village Attorney, Liberty
You have asked whether a village may reduce the salary of the office of village justice during the abbreviated terms of those appointed and elected to fill out the unexpired term of a justice who has resigned.
Based upon your letter and a telephone conversation with this office, we understand that your village board established an annual salary of $8,560 for the office of village justice by including that salary in the regular village budget adopted by resolution and not by local law. Thereafter, the board reduced that salary to $6,000 during the abbreviated term of the individual appointed to fill out part of the unexpired four-year term of the village justice, who had resigned. (See, Village Law, §3-312[3].) That reduction in salary was carried over to the current village justice, who was elected to serve the balance of the four-year term. (See, id., § 3-312[4].) These reductions in salary were also established by including them in the village budget. The current village justice claims that the village cannot reduce the salary of $8,560 during the four-year term of office.
A village may reduce the salary of a village justice in one of two ways. First, when the board has fixed the salary by local law under Municipal Home Rule Law, § 10(1)(ii)(a)(1), it may thereafter decrease that salary only by another local law (Civil Service Employees Association,Inc. v City of Troy, 36 A.D.2d 145 [3d Dept, 1971]; McQuillin, Municipal Corporations, 3d Edition, § 21.02), which, if it is to be effective before expiration of the term of office of the village justice then in office, is subject to mandatory referendum (Municipal Home Rule Law, § 23[2][e]; 1974 Op Atty Gen [Inf] 209). Second, when the salary has not been established by local law, the board may decrease that salary either by local law (Municipal Home Rule Law, § 10[1][ii][a][1]), subject to the provisions of Municipal Home Rule Law, § 23(2)(e), or by means of the schedule of wages and salaries which go into the annual budget and are approved as a part of the overall resolution of the board by which the budget is adopted (Statute of Local Governments, §10[1]; Village Law, Article 5, §§ 5-502, 5-504, 5-506, 5-508; 1964 Op Atty Gen [Inf] 134; 34 Opns St Comp 1978, p 114). In the latter instance, there is no requirement of a mandatory referendum, since Municipal Home Rule Law, § 23(3) applies only to a "local law", which by definition does not include a "resolution" (Municipal Home Rule Law, § 2[9]; see, also, Duci v Roberts, 65 A.D.2d 56 [3d Dept, 1978]).
We also note that a board has authority to decrease the salary of a village justice during a fiscal year by resolution reducing the appropriation therefor, but not less than the amount which may have been fixed by local law, whenever it appears that revenues available will be insufficient to meet the amount of such appropriation (Village Law, § 5-520[3]).
Since the salary of $8,560 of the office of village justice was fixed by including it in the budget rather than by local law, we believe that your board was authorized to decrease that salary to $6,000, and to carry that reduction over to the current justice, during the four-year term, simply by adopting a resolution approving these reductions as a part of the regular village budget. We assume, of course, that these resolutions were enacted in compliance with Article 5 of the Village Law.
We conclude that a village by resolution may reduce the salary of the office of village justice during the abbreviated terms of those appointed and elected to fill out the unexpired four-year term of a justice who has resigned, when that salary is established by inclusion in the budget rather than by local law.* Such resolution is not subject to the mandatory referendum.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We note that this power to reduce the salary of a village justice during the term applies also to a justice elected for a full term. See 1970 Op Atty Gen (Inf) 215, dealing with town justices. That opinion cautioned, however, that a reduction in salary must be made in good faith and not as a subterfuge to induce a resignation. See Matter of Bogacki vZolemski, 143 Misc. 140, 148 (Sup Ct, Erie Co, 1932), affd283 App. Div. 764 (4th Dept, 1933).