In the Matter of JOHN M. RUDEY et al., Individually and as Shareholders in 1030 Fifth Avenue Corporation, Appellants, v LANDMARKS PRESERVATION COMMISSION OF THE CITY OF NEW YORK et al., Respondents.

First Department, August 13, 1992

APPEARANCES OF COUNSEL

*James G. Greilsheimer* of counsel *(Linda S. Riefberg* and *Robert S. Davis* with him on the brief; *Stroock & Stroock & Lavan* and *Berle, Kass & Case,* attorneys), for appellants.

*Fay Leoussis* of counsel *(Leonard Koerner* with her on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for Landmarks Preservation Commission of the City of New York and another, respondents.

*Richard I. Wolff* for 1030 Fifth Avenue Corporation, respondent.

## OPINION OF THE COURT

KASSAL, J.

In this CPLR article 78 proceeding, petitioners challenge a determination by respondent Landmarks Preservation Commission of the City of New York (LPC), which directed the restoration of 15 replaced windows in their cooperative apartment, 5W of 1030 Fifth Avenue, located in the Metropolitan Museum of Art Historic District. A prior appeal to this court resulted in the reversal of an order dismissing the original petition (137 AD2d 238), and the matter is now before us on appeal from an order and judgment denying and dismissing the petition on its merits. Upon examination of this record, we conclude that the LPC's determination was arbitrary and capricious in the circumstances presented, that the LPC is estopped from denying petitioner's application, and that no basic landmarks preservation objectives will be offended if petitioners are permitted to delay restoration of the windows until the sale of their cooperative apartment.

Upon purchasing their cooperative apartment in June 1979, petitioners commenced a renovation which included the installation of 15 single-pane, thermal, double-glazed, aluminum-framed windows. These windows replaced nine single-glazed, double-hung wood windows and six steel-framed windows, the latter of which had been installed by previous owners of the apartment before the area was designated an historic district in 1977.

Prior to commencing the work of replacing the windows, petitioners obtained written permission from Brown, Harris, Stevens, Inc., the managing agent of the building, which had also consented, one year earlier, to the installation of virtually identical windows in an apartment on the fourteenth floor of

the building. In addition, petitioners' architects searched the New York City Department of Buildings records, and obtained work permits from that agency, without finding an historic district designation on file, or otherwise receiving notification of it. Indeed, as the IAS Court observed, the LPC had not provided a copy of such notice to the Buildings Department, despite its obligation to do so under section 25-303 (f) of the Administrative Code of the City of New York.

The failure of the LPC to file notice, inadvertent or otherwise, constitutes a serious omission and must not be overlooked, particularly in light of the search by petitioners' architects, and petitioners' reasonable reliance upon its absence. While estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties (*Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370), the rule is not absolute where, such as here, matters of agency discretion are involved. In the circumstances of this case, its application is warranted to prevent an injustice (*see, Brennan v New York City Hous. Auth.,* 72 AD2d 410, 412; *cf., Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *rearg denied* 71 NY2d 995, *cert denied* 488 US 801). Petitioners acted in good faith, having searched the Buildings Department records and obtained the managing agent's written consent before engaging in costly window replacement. A 1986 estimate indicated that the cost of restoring the windows was, at that time, approximately $400,000.

Another factor that militates in petitioners' favor is the LPC's grant of a special dispensation to the owners of a cooperative apartment on the fourteenth floor, and in the same line as petitioners, whose windows are also in violation of the landmark designation. Because their windows were installed by the previous owner, the fourteenth-floor owners have been allowed to delay restoration until the sale of their cooperative apartment. This distinction provides no rational aesthetic or architectural basis for the LPC's disparate treatment of petitioners, who were not on notice of the landmarks designation (*see, Matter of VR Equities v New York City Conciliation & Appeals Bd.,* 118 AD2d 459, 461) and violates principles of equity and fairness.

The arbitrary and capricious nature of the LPC's determination is underscored by several clear photographs contained in the record, including one depicting the building from directly across the street, on the west side of Fifth Avenue, and one showing it from in front of the Metropolitan Museum of Art,

two blocks south. An examination of these photographs reveals that petitioners' fifth-floor windows cannot be seen from a vantage point in front of the museum, but that the replaced windows of the fourteenth floor are clearly visible from that location.

Although LPC maintains that the fourteenth-floor windows are hidden from view on Fifth Avenue by a stone cornice located underneath them, this is the case only if the viewer is standing on the east side of the Fifth Avenue sidewalk, directly adjacent to the building. Those viewing the building from the other side of Fifth Avenue and those crossing, by automobile or on foot, on the transverse road, have a full view of the fourteenth-floor windows.

The final factor which we have taken into account in whether the LPC's determination has a rational basis is that 1035 Fifth Avenue, an apartment building immediately to the north, has more than twice the number of nonoriginal windows facing Fifth Avenue. While nonuniform or nonconforming windows in other buildings would not alone excuse a landmark designation violation, their effect upon an historic district may not be discounted. Close examination of the photograph of 1035 Fifth Avenue, discloses that there are at least eight substantially differing windows clearly visible from the street.

In light of all of the above, the decision of the LPC not to accord petitioners the same relief granted to the fourteenth-floor cooperative owners was arbitrary and capricious, and cannot, consistent with equity and fairness, be permitted to stand.

Accordingly, the order and judgment (one paper) Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about February 15, 1991, which denied and dismissed the petition should be reversed, on the law and facts, and in the exercise of discretion, and the petition granted, without costs.

SMITH, J. (dissenting). The order and judgment (one paper) of the Supreme Court which denied petitioners' application pursuant to CPLR article 78 challenging respondent's directive that they restore the windows in their apartment to their original condition and dismissed the petition should be affirmed. I, therefore, dissent.

The facts of this case are set out in detail at 137 AD2d 238 and they will not be repeated here. In that decision this court rejected the contention of the respondents that the individual

petitioners, shareholders in a cooperative apartment and lessees of the apartment in question, lacked the capacity to maintain a proceeding against the Landmarks Preservation Commission (LPC) because any wrong committed was committed not against those individuals but against the cooperative corporation. The LPC, by order issued May 16, 1986, directed the individual petitioners to restore the windows in their apartment at 1030 Fifth Avenue to their original condition. This court held that the individual petitioners had a right to pursue their claims and remanded for proceedings consistent with the decision.

On remand the motion court rejected the arguments of the individual petitioners and upheld the determination of the respondent LPC that the windows be restored to their original condition.

On appeal petitioners raise two arguments. The first is that because they acted in good faith and reasonably relied on government records that they were not in an historic district, and thus no approval by the LPC was needed, the LPC should be estopped from directing them to restore the windows.

This is not one of those "rarest cases" *(see, Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130) in which an estoppel may be invoked against a governmental agency acting in furtherance of its statutory duties on the basis of the agency's own technical noncompliance with established procedure *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801; *see also, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 370). While there is no documentary showing that respondents filed a notice of designation with the Department of Buildings, petitioner's failure to search other applicable records such as the City Register or to consult the LPC directly was a breach of their own duty to exercise reasonable diligence *(Matter of Parkview Assocs. v City of New York, supra,* at 282).

Petitioners' second argument is that, on an arbitrary basis, they have been treated differently than allegedly similarly situated persons who occupy the fourteenth floor of the premises (petitioners occupy the fifth floor). The LPC directed that those windows be restored to their original condition only upon a sale of the shares applicable to that apartment.

There is no merit to petitioners' contention. Not only had that tenant not been issued any notices of violation, but, as respondent found, the particular location of the unit on the

top floor in proximity to external elements disguised the nonconforming effect and presented an appearance different from petitioners' unauthorized renovation. Respondent LPC's "particular expertise" with respect to such judgments has frequently been noted by this court (see, *Shubert Org. v Landmarks Preservation Commn.,* 166 AD2d 115, 120, *lv denied* 79 NY2d 751). Moreover, the persons on the fourteenth floor had bought their shares subsequent to the unauthorized window renovations.

CARRO and RUBIN, JJ., concur with KASSAL, J.; SULLIVAN, J. P., and SMITH, J., dissent in a separate opinion by SMITH, J.

Order and judgment (one paper) Supreme Court, New York County, entered on or about February 15, 1991, is reversed, on the law and facts, and in the exercise of discretion, and the petition granted, without costs.