■ In the Matter of DEBORAH REMBERT, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, *inter alia,* review a determination of respondent State Commissioner of Social Services which revoked petitioner's certificate as a family day care provider.

During the period relevant to this CPLR article 78 proceeding, petitioner was certified by the Schenectady County Department of Social Services (hereinafter SCDSS) to provide day care in her apartment for six children on a full-time basis. On June 27, 1990, a SCDSS caseworker in the home day care program made an unannounced visit and found 12 children, including petitioner's son, all on the front porch of the apartment. The caseworker immediately advised petitioner that this was a violation of State regulations and that she would be monitoring petitioner. On July 10, 1990, the caseworker made another surprise visit to the apartment and found a 16-year-

old girl caring for the children in petitioner's absence. The caseworker advised petitioner that she was in violation of a State regulation prohibiting substitute caretakers under the age of 18 in family day care homes. The caseworker further advised petitioner in substance that these violations would result in the revocation of her certification and that she would not "be allowed to do day care because the children are at risk". The caseworker testified at the hearing herein that, upon consultation with her supervisors at SCDSS, she was directed to immediately begin the process of removing the children from petitioner's care and placing them in other homes because "[t]hey were worried that something might happen". The transfer of the children was completed within one or two days.

Ten days after the July 10, 1990 incident, petitioner was sent a formal notice of revocation of her day care certificate, retroactive to July 10, 1990, and informing her of the right to a fair hearing. Petitioner requested such a hearing, which was initially scheduled to take place before an Administrative Law Judge (hereinafter ALJ) of the State Department of Social Services on August 30, 1990, but was adjourned to a later date to enable petitioner to obtain counsel. At the conclusion of the hearing, the ALJ sustained the charges that petitioner had exceeded the regulatory limit of six children in home day care (18 NYCRR former 417.6 [d], repealed Oct. 22, 1991) by having 12 children at her home on June 27, 1990, and had also violated the regulations (18 NYCRR former 417.11 [a], repealed Oct. 22, 1991) by leaving the children on July 10, 1990 in the sole care of a person under 18 years of age. The ALJ also sustained the penalty of revocation on the basis of the two successive violations of the regulations. The ALJ further ruled that SCDSS violated the regulations (18 NYCRR former 417.16, repealed Oct. 22, 1991) by revoking petitioner's certificate to provide family day care retroactively and prior to the holding of a hearing before the State Department of Social Services. The ALJ noted that, although the regulations (18 NYCRR former 417.16 [d]) provided for a temporary suspension of a certificate upon a finding that a person's health, safety and welfare was in imminent danger, no such finding was made and no suspension was imposed. Nonetheless, the ALJ determined that reinstatement of petitioner's certificate was "not an appropriate remedy to redress these procedural violations".

Petitioner's first point on review in this CPLR article 78 proceeding is that SCDSS should be equitably estopped from

revoking her day care certificate because she had been led by SCDSS staff to believe that it was permissible to exceed the regulatory limits on the number of children in her care at any one time. The ALJ specifically rejected her testimony on this issue, finding that SCDSS did nothing previously which would have led petitioner to reasonably believe that the agency would have approved her caring for 12 children and, in fact, petitioner did not believe that SCDSS would have approved such an egregious violation of the regulations. The ALJ thus rejected petitioner's estoppel argument on the basis of a credibility determination which was well within his exclusive province. In any event, even the facts as claimed by petitioner do not represent one of those rarest of cases where estoppel is applied against a governmental agency (see, Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130-131).

We similarly find unpersuasive petitioner's contentions that the determination should be annulled because of the inadequacy of the notice of revocation and the failure of SCDSS to provide her, in advance of the hearing, with allegedly exculpatory attendance records of the number of children in her care that SCDSS compensated her for on a monthly basis in the year previous to revocation. The notice of revocation, which was sent only 10 days after the caseworker's July 10 visit, referred to the caseworker's two visits and also specifically to violations of the regulations regarding, inter alia, the maximum number of children in care and the minimum age for any alternative care provider. Additionally, petitioner's counsel was given access to SCDSS files containing a full account of the two visits, including the dates thereof. Thus, petitioner had amply sufficient information to permit the preparation of a defense (see, Matter of Block v Ambach, 73 NY2d 323, 328).

The attendance records sought by petitioner in advance of the hearing were claimed to contain evidence that SCDSS had condoned, if not encouraged, petitioner to accept children well in excess of the regulatory limit. The records were eventually submitted to the ALJ after the hearing but did not substantiate petitioner's claim in this regard to any significant degree, as reflected in the ALJ's decision rejecting petitioner's estoppel argument. Thus, any delay in furnishing the records did not deprive petitioner of a fair hearing so as to require annulment (see, Matter of Cacchillo v Perales, 172 AD2d 98, 101-102).

We also reject petitioner's claim that the penalty of revocation was excessive. As previously noted, petitioner's violation

of the regulation limiting the number of children per any individual health care provider was egregious. Moreover, the caseworker testified that the presence of so many children on the small premises petitioner occupied created a safety hazard. Despite being warned of this breach and that she would be monitored thereafter, only two weeks later petitioner committed a second serious violation of a safety-related regulation. Under these circumstances, revocation is not shocking to one's sense of fairness (see, Matter of Mitchell v New York City Dept. of Consumer Affairs, 160 AD2d 487, 489).

The only remaining issue requiring discussion is the merits of petitioner's damage claim under 42 USC § 1983 for alleged denial of her procedural due process right to a hearing prior to revocation of her certificate to provide home day care services. As already noted, the regulations then in effect permitted SCDSS to suspend petitioner's certificate in advance of a hearing upon a finding that her conduct posed an imminent danger to the safety of the children entrusted to her care (18 NYCRR former 417.16 [d]). Moreover, although SCDSS did not make any formal determination of imminent danger and suspension, the evidence was uncontradicted that the agency had in fact concluded that it would be dangerous to permit the children to remain in petitioner's care and, indeed, expeditiously removed them for placement in other homes. It seems beyond dispute that SCDSS had the discretionary authority to remove the children from petitioner's care under the circumstances and to have issued a formal suspension of her certificate without a hearing. Finally, we have already concluded, in agreement with the ALJ, that the revocation was warranted on substantive grounds. Under all these circumstances, the value of petitioner's property interest in her certificate, and of her due process entitlement to a prerevocation hearing, were de minimis for purposes of affording her any judicial remedy (see, Matter of De Carlo v Perales, 131 AD2d 31, 33-34).

For all the foregoing reasons, the determination should be confirmed.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.