■ In the Matter of SUZANNE NOVAK, Respondent, v NEW YORK STATE OFFICE FOR THE AGING et al., Appellants. [641 NYS2d 150] —Casey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 31, 1995 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent New York State Office for the Aging denying petitioner's request for reclassification of her secretarial position.

The facts of this proceeding are not in dispute. In October 1991, petitioner, a secretary employed by respondent New York State Office for the Aging (hereinafter SOFA), received official notice from SOFA that she was promoted from her Secretary I, Grade 11, position to that of a Secretary II, Grade 15. SOFA notified her in March 1992 that the probationary period for this position was complete. Subsequently, petitioner was informed in a letter from SOFA's personnel director that because "SOFA's repeated requests to reclassify [petitioner's] position to Secretary II were not approved by the Department of Civil Service", she was being reinstated to her "permanent position of Secretary 1, G-11". This information was again relayed in an official notice from SOFA dated August 24, 1993.

Petitioner, who SOFA concedes had been led to believe that her position as Secretary II was permanent, filed a grievance with SOFA which was ultimately denied.* Petitioner then commenced this CPLR article 78 proceeding seeking annulment of

---

* Petitioner also alleges in her pleadings that although she attempted to appeal the classification issue to respondent Civil Service Commission, her attorney was allegedly orally informed on January 21, 1994 that since petitioner only had 60 days from the original March 30, 1993 determination to appeal this issue, the time to do so had passed. Although petitioner maintains that she was never notified of the March 1993 decision, she does not specifically challenge this allegedly adverse determination in her petition and instead confines her request for relief to the determination of SOFA.

SOFA's August 24, 1993 determination and, *inter alia*, reinstatement to her position as Secretary II with back pay. Supreme Court granted the petition, finding that the doctrine of equitable estoppel applied to the facts of this case. This appeal by respondents followed.

We reverse. It is well settled that the doctrine of equitable estoppel is generally not available against a governmental agency to prevent it from discharging its statutory duties (*see, Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369; *Matter of Jackson's Marina v Jorling*, 193 AD2d 863, 866). Exceptions to this general rule may be warranted in " 'unusual factual situations' " to prevent injustice (*Matter of E.F.S. Ventures Corp. v Foster, supra*, at 369), but we cannot agree with Supreme Court that the facts presented here constitute "one of those rarest of cases where estoppel is applied against a governmental agency" (*Matter of Rembert v Perales*, 187 AD2d 784, 786). "The possibility of one State employee misinforming [an individual] about an anticipated salary [or job classification] * * * is not so 'highly unusual' that the general rule against estoppel should be ignored" (*Matter of Schwartz v Crosson*, 165 AD2d 147, 149). We realize that the application of the general rule in this instance may work an individual hardship on petitioner, however, the fundamental policy reasons behind the rule mandate this result.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.