■ JOAN A. PISCITELLA, Appellant, v CITY OF TROY et al., Respondents. [646 NYS2d 191] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 3, 1995 in Rensselaer County, which, *inter alia*, granted defendants' cross motion for partial summary judgment and dismissed the complaint.

Plaintiff, the City Clerk for defendant City of Troy in Rensselaer County from January 4, 1984 until January 6, 1994, brought this action to recover compensation for accrued leave time in the amount of $18,899.01. Although a City ordinance enacted February 1, 1968 and amended August 14, 1969 limits the accumulation of vacation credits to 30 days (Code of Ordinances of City of Troy § 2-31 [b] [5]), plaintiff bases her claim on (1) the City's Resolution No. 2 of 1988, which authorized the City Manager to approve greater accumulations of vacation time for "the City Manager, City Department Heads and exempt full-time City personnel", (2) the City's established practice and policy of compensating such employees for accrued vacation time in excess of 30 days, and (3) plaintiff's reliance upon said resolution, practice and policy. Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the complaint and defendants cross-moved for, *inter alia*, partial summary judgment determining the City's ordinance to be valid and applicable to plaintiff's claim. Except to the extent of authorizing plaintiff to bring a further claim for accumulated vacation time up to the 30-day maximum, Supreme Court awarded summary judgment dismissing the complaint in its entirety. Plaintiff appeals.

In our view, the issues raised on the parties' cross motions and on this appeal were properly resolved by Supreme Court. We accordingly affirm. First, in view of the well-settled legal principle that an ordinance may not be repealed or amended by a resolution, a mere "ministerial act declarative of the will of the corporation" (*City of Troy Unit of Rensselaer County Ch. of Civ. Serv. Empls. Assn. v City of Troy*, 36 AD2d 145, 147, *affd* 30 NY2d 549), we are constrained to resolve the conflict between the ordinance and the resolution in favor of the former.

Nor are we persuaded that Resolution No. 2 of 1988 affords plaintiff equitable or contract rights to accrued vacation leave

in excess of 30 days. Fundamentally, the doctrine of estoppel may not be applied against the State or one of its subdivisions (*see, Matter of Baker v Regan*, 114 AD2d 187, 192, *affd* 68 NY2d 335), and the ordinance was a basic part of the terms and conditions of plaintiff's employment with the City and limited her ability to accumulate vacation time (*see, City of Troy Unit of Rensselaer County Ch. of Civ. Serv. Empls. Assn. v City of Troy, supra; see also, Granada Bldgs. v City of Kingston*, 58 NY2d 705, 708; *Hess v Board of Educ.*, 41 AD2d 151, 153). Further, plaintiff has made no competent showing of discrimination or denial of equal protection (*see, Giovannetti v Dormitory Auth.*, 115 AD2d 851, *affd* 69 NY2d 621). Plaintiff's additional contentions have been considered and found unavailing.

Mikoll, White and Spain, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. The doctrine of estoppel can be applied "against a governmental entity if failure to apply the doctrine would defeat a right legally and rightfully obtained" (*Matter of Owens v McGuire*, 121 AD2d 292, 295). This is an " 'unusual factual situation[ ]' " (*Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369) unlike those where a plaintiff fails to take steps to secure a benefit (*see, Freda v Board of Educ.*, 224 AD2d 360) or loses out on a future benefit because of misinformation supplied by a public employer (*see, Matter of Novak v New York State Off. for Aging*, 226 AD2d 859).

Here, it is undisputed that plaintiff rightfully earned vacation leave time and accrued certain benefits prior to her retirement. No doubt had defendant City of Troy informed its department heads and exempt full-time personnel of its plans to discontinue its established practice and policy of permitting accumulations of leave in excess of 30 days and not follow the 1988 resolution, plaintiff would have used her vacation time and not let it accumulate. She certainly had the right to rely on the express policy and established practice of her employer and she did so to her detriment. In my opinion, this case presents " 'one of those rarest of cases where estoppel [should be] applied against a governmental agency' " (*Matter of Novak v New York State Off. for Aging, supra*, at 860, quoting *Matter of Rembert v Perales*, 187 AD2d 784, 786) to prevent the injustice of stripping plaintiff of vacation time earned and accrued over many years of labor simply because the City, unilaterally and without notice, decided to revert back to its prior policy as expressed in the ordinance. Ordered that the order is affirmed, without costs.