■ JOHN PHILLIPS, Respondent, v STATE OF NEW YORK, Appellant. [655 NYS2d 638] —In a claim to recover damages for personal injuries, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Court of Claims (Mega, J.), dated August 23, 1995, as granted that branch of the claimant's motion which was to deem the filed claim a notice of intention to file a claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the claimant's motion which was to deem the filed claim a notice of intention to file a claim is denied, and the claim is dismissed.

A review of Court of Claims Act § 10, governing the filing of claims and notices of intention to file claims, reveals no provision authorizing the court to deem a defective claim a valid notice of intention to file a claim. In any event, an examination of the claim reveals that it fails to comply with the requirements for a notice of intention (see, Court of Claims Act § 11 [b]). The claim here failed to set forth a statement with sufficient specificity so as to enable the State to investigate the claim promptly and ascertain its liability (see, Heisler v State of New York, 78 AD2d 767). The notice of claim requirements in Court of Claims Act §§ 10 and 11 are jurisdictional prerequisites to the maintenance of a claim and must be strictly

construed *(see, Cannon v State of New York,* 163 Misc 2d 623). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.