■ EDWARD McDONOUGH, as Assignee of F.P.G.C., INC., Respondent, v CITY OF TROY, Appellant. [749 NYS2d 187] —Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered May 30, 2001 in Rensselaer County, which, inter alia, declared a lease extension valid and enforceable.

In 1980, defendant's City Council enacted an ordinance authorizing the City Manager to enter into a 20-year lease of restaurant facilities located on defendant's municipal golf course with plaintiff's predecessor in interest. In 1990, the City Council passed a resolution authorizing an extension of the lease for an additional 10 years (i.e., until 2010). In December 2000, however, defendant demanded that plaintiff vacate the premises on the ground that the lease extension was invalid because same was executed pursuant to a mere resolution. Simply stated, a decade after its City Council authorized the lease extension via a resolution, defendant took the position that, because the original lease had been authorized by an *ordinance*, only another ordinance could effect any modification.

In this ensuing declaratory judgment action, Supreme Court ruled in plaintiff's favor and declared the lease extension valid. The court determined, inter alia, that defendant was estopped from relying on its own failure to follow proper procedure in authorizing the lease extension. We agree and, accordingly, affirm.

In urging reversal, defendant places considerable reliance on the "well-settled legal principle that an ordinance may not be repealed or amended by a resolution" (*Piscitella v City of Troy*, 229 AD2d 767, 767; *see City of Troy Unit of Rensselaer County Ch. of Civ. Serv. Empls. Assn. v City of Troy*, 36 AD2d 145, 147, *affd* 30 NY2d 549). It is equally well settled, however, that when a municipality acts in its proprietary as opposed to its governmental capacity, wrongful conduct may subject it to application of the doctrine of equitable estoppel (*see Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook*, 239 AD2d 494, 495-496). Notably, we have recently held

that a licensing agreement to operate a restaurant on a municipal golf course was entered into by the municipality in its proprietary capacity (*see Karedes v Village of Endicott*, 297 AD2d 413, 415). Furthermore, the record in this case adequately demonstrates that plaintiff detrimentally relied on defendant's extension of the lease term by assigning his interest in the lease to third parties for consideration to be paid during the extended lease term (*see Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook, supra* at 496). Under these circumstances, Supreme Court's application of the doctrine of equitable estoppel was entirely appropriate.

Cardona, P.J., Mercure and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.