■ GREGORY CENDALES, Appellant, v STATE OF NEW YORK, Respondent. [770 NYS2d 174]—

Spain, J. Appeal from an order of the Court of Claims (Lebous, J.), entered November 18, 2002, which granted defendant's motion to dismiss the claim.

Claimant, an inmate at Southport Correctional Facility in Chemung County, served a timely notice of intention to file a claim upon the Attorney General's office on July 16, 2001, in connection with injuries he allegedly sustained during his removal from his cell by correction officers on April 18, 2001. On March 27, 2002, claimant submitted an envelope containing his notice of claim to the facility mail room and requested that it be sent to the Attorney General's office by certified mail. His papers were not mailed, but promptly returned to him with a notice from the mail room. The notice explained that his request for an advance of the cost of special handling could not be granted unless such mail service was required by statute and that "[a]dvances for special handling for filing a Claim or Notice of Intention on the Attorney General's Office must be specified on the approved Advance Request form for postage. You must state why you are requesting special handling . . . ." On March 29, 2002, claimant resubmitted his documents for delivery by certified mail, this time indicating on his request form: "Required by Court of Claims Act—Section 10." By notice dated April 1, 2002, the mail room again rejected his request, stating that "[n]ot all mail to A.G. is required to be certified." Thereafter, claimant abandoned attempts to use the facility mail services and, after retaining the services of a law firm, successfully served the claim on September 12, 2002, alleging claims for assault, battery and medical negligence.

The Court of Claims granted defendant's motion to dismiss the action as untimely because it sounded in intentional tort and was commenced more than one year after accrual (see Court of Claims Act § 10 [3-b]). It also found that, to the extent the notice of intention alleged medical negligence, it was jurisdictionally defective in that it contained insufficient detail to meet the requirements of Court of Claims Act § 11 (b).

Claimant does not dispute that the September 12, 2002 service of his claim alleging intentional torts on the Attorney General's office was untimely, i.e., delivered nearly five months beyond the applicable limitations period (see Court of Claims Act § 10 [3-b]). Instead, he contends that defendant should be estopped from asserting this jurisdictional defect because defendant caused the delay in service by improperly returning his mail. As a general proposition, however, "governmental agencies are not subject to the defense of estoppel" (Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 370 [1988]). While " ' "unusual factual situations" ' " (Matter of Novak v New York State Off. for Aging, 226 AD2d 859, 860 [1996], lv denied 88 NY2d 810 [1996], quoting Matter of E.F.S. Ventures Corp. v

*Foster, supra* at 369) may give rise, in the " 'rarest of cases' " (*Matter of Novak v New York State Off. for Aging, supra* at 860, quoting *Matter of Rembert v Perales,* 187 AD2d 784, 786 [1992]) to an exception to that rule, this clearly is not such a case.

Here, claimant did not demonstrate that his failure to make timely service was caused by any negligence or misconduct on the part of defendant. Each time the facility rejected claimant's mailing request, it provided notice which set forth the reason for rejection and cited the applicable Department of Correctional Services directives. Claimant was informed that he had to specify that the documents contained a claim or a notice of intention for service on the Attorney General. In our view, the notations which claimant made on his advance request form were too general to alert mail room personnel that a notice of claim was enclosed. Further, claimant had 17 days following his receipt of notification that his second advance request had been rejected to resubmit the documents with the proper notation and accomplish service, but made no attempt to do so.

Next, claimant contends that his timely 2001 notice of intention to file a claim also alleged medical negligence, providing him with the longer, two-year limitations period applicable to claims alleging negligence by an officer or employee of defendant (*see* Court of Claims Act § 10 [3]). We agree with the Court of Claims that claimant's notice of intention did not sufficiently set forth a description of the nature of the medical negligence claim, as required by Court of Claims Act § 11 (b), rendering it jurisdictionally defective and the two-year service provision inapplicable. Claimant's notice of intention to file a claim details only the events surrounding claimant's extraction by correction officers from his cell and injuries sustained as a result, and then concludes: "The state is at fault due to it[s] negligence and outright malicious actions of its employees. And medical staff."

Although a notice of intention to file a claim need not include all the facts necessary to state a cause of action, it must at least set forth the "general nature of the claim" (*Sega v State of New York,* 246 AD2d 753, 755 [1998], *lv denied* 92 NY2d 805 [1998]) so as to give some indication of " 'the manner in which the claimant was injured and how [defendant] was negligent' " (*id.* at 755, quoting *Heisler v State of New York,* 78 AD2d 767, 767-768 [1980]; *cf. Ferrugia v State of New York,* 237 AD2d 858, 859 [1997]) and enable defendant to ascertain the existence and extent of its liability (*Sega v State of New York, supra* at 755). Here, claimant's inclusion of the words "And medical staff" following his description of alleged misconduct by correction officers, without any reference to acts or omissions by medical staff

or any hint of the time or nature of medical treatment he received or should have received, falls below even the minimal requirements of particularity required in a notice of intention to file a claim (*see id.* at 755; *Riefler v State of New York,* 228 AD2d 1000, 1001 [1996]). Finally, because claimant's failure to sufficiently particularize a notice of intention to file a claim is a nonwaivable, jurisdictional defect, we conclude that the Court of Claims acted within its power to dismiss the claim on its own motion (*see Phillips v State of New York,* 237 AD2d 590, 590 [1997]; *see also Finnerty v New York State Thruway Auth.,* 75 NY2d 721, 722-723 [1989]). Claimant's remaining contentions have been considered and rejected.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.