■ DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v ETHEL PONTONERO et al., Respondents. [820 NYS2d 151]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered September 1, 2005 in Delaware County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Defendant Elinor Dutcher is the niece of, and attorney-in-fact for, defendant Ethel Pontonero. Dutcher transferred a mortgage held by Pontonero to herself six months before Pontonero entered a full-time nursing care facility in May 2001. To pay for Pontonero's care, Dutcher then applied for Medicaid benefits and disclosed the transfer, explaining it as consideration for the past care and housing that she had provided to Pontonero and her husband. Plaintiff's senior program specialist, Esther Baker, initially determined that the mortgage transfer resulted in a period of ineligibility until July 2002. In January 2002, however, plaintiff's Commissioner overruled this determination and directed that benefits be provided retroactive to the date of application in May 2001. Nonetheless, in February 2005, plaintiff's counsel informed defendants that the mortgage transfer had created a period of ineligibility and they were obligated to reimburse the payments made for that period. Plaintiff then commenced this action seeking to nullify the transfer and recover those payments. The parties cross-moved for summary judgment and Supreme Court, among other things, granted defendants' motion dismissing the complaint after concluding that plaintiff had waived its right to impose a period of ineligibility and was equitably estopped from recouping the payments made. Plaintiff appeals, and we find merit in the argument that Supreme Court erred in applying the doctrines of waiver and estoppel.

Plaintiff's right to recover payment of Medicaid benefits is conferred by statute (*see* Social Services Law §§ 104, 106-b), and the statutory scheme contemplates that, when needed, benefits such as those paid for Pontonero's residential nursing care are to be provided as speedily as possible, with further investigation and possible liability for reimbursement determined later on (*see Oxenhorn v Fleet Trust Co.*, 94 NY2d 110, 116-117 [1999]). Here, Baker's testimony includes her statement that "I was instructed by [plaintiff's] Commissioner . . . that I was to open the case and that the rest of it would be handled by [plaintiff's] legal department." As this is the only account in the record of what the Commissioner determined in January 2002, and it suggests a direction to provide benefits coupled with a reservation of the issue of ineligibility for future resolution, it cannot

be said to constitute an unequivocal waiver of the right to recover overpayments.

Nor are we persuaded that plaintiff should be estopped from recouping such payments. As a general proposition, equitable estoppel cannot be invoked against a municipal agency to prevent it from discharging its statutory duties (*see Matter of Karp v North Country Community Coll.*, 258 AD2d 775, 776 [1999]; *Piscitella v City of Troy*, 229 AD2d 767, 768 [1996]), except in the rarest of cases (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Cendales v State of New York*, 2 AD3d 1165, 1166-1167 [2003]; *Matter of Rudey v Landmarks Preserv. Commn. of City of N.Y.*, 182 AD2d 61, 63 [1992], *affd* 82 NY2d 832 [1993]). As a result, equitable estoppel is only applicable "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his [or her] position to his [or her] detriment or prejudice" (*Bender v New York City Health & Hosps. Corp., supra* at 668; *see Zaiman v Metropolitan Tr. Auth.*, 186 AD2d 555, 556 [1992]). While it appears that the Commissioner merely gave Pontonero the benefit of the doubt as to eligibility pending further review, in any event defendants have demonstrated no actual change in position to their detriment or prejudice. Although they argue that Dutcher would have made different decisions and explored other options had she known that plaintiff would require her to pay for Pontonero's care, they offer no evidence that Dutcher pursued any other options before the Commissioner directed that benefits be paid or then abandoned those efforts because of that decision.

Finally, we find that defendants have succeeded in raising questions of fact as to whether the mortgage transfer effectuated by Dutcher was fraudulent.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion; motion denied; and, as so modified, affirmed.