■ ZACHARY GRUMET et al., Appellants, v STATE OF NEW YORK et al., Respondents. [682 NYS2d 86] —In a claim to recover

damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Silverman, J.), entered November 3, 1997, which granted the motion of the defendant State of New York to dismiss the claim on the ground that the notice of intention to file a claim and the claim were insufficient to provide the defendants with notice of the condition which allegedly caused the accident.

Ordered that the order is affirmed, with costs to the defendant State of New York.

Pursuant to Court of Claims Act § 11 (b), a notice of intention to file a claim and the claim must set forth the time and place in which the claim arose, and the nature of the claim. While Court of Claims Act § 11 (b) does not require "absolute exactness", it requires a statement made with "sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" (*Heisler v State of New York*, 78 AD2d 767; *see, Harper v State of New York*, 34 AD2d 865). However, "conclusory or general allegations of negligence that fail to [state] the manner in which the claimant was injured and how the State was negligent do not meet its requirements" (*Heisler v State of New York, supra*, at 767-768; *see also, Patterson v State of New York*, 54 AD2d 147, *affd* 45 NY2d 885).

In the instant case, the notice of intention to file a claim only stated that the claimant slipped and fell without any indication as to what allegedly caused him to slip and fall. The claim merely alleged that the State was "careless, reckless and negligent". There was nothing in the language of either the notice of intention to file a claim or the claim which would have alerted the defendants as to the nature of the alleged negligence. Accordingly, the Court of Claims properly granted the motion to dismiss. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.