■ PATRICIA WHARTON, Respondent, v CITY UNIVERSITY OF NEW YORK, Appellant. [731 NYS2d 650] —In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Nadel, J.), entered August 28, 2000, which denied its motion to dismiss the claim on the ground that the notice of intention was jurisdictionally defective.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim and the time and place where it arose. Court of Claims Act § 11 (b) does not require "absolute exactness"; it requires a statement made with "sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the

circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" (*Grumet v State of New York,* 256 AD2d 441, 442 [internal quotation marks omitted]; *Heisler v State of New York,* 78 AD2d 767; *see, Cobin v State of New York,* 234 AD2d 498). However, "conclusory or general allegations of negligence that fail to [state] the manner in which the claimant was injured and how the State was negligent do not meet its requirements" (*Grumet v State of New York, supra,* at 442; *Heisler v State of New York, supra,* at 767-768). We agree with the Court of Claims that the claim satisfied the requirements of Court of Claims Act § 11 (b). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.