■ ROBERTO SANTOS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99576.) [737 NYS2d 756] —Appeal from an order of the Court of Claims (Corbett, Jr., J.), entered December 27, 2000, which granted defendant's motion and dismissed the claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the claim is reinstated.

Memorandum: Claimant, an inmate at Attica Correctional Facility, was attacked by another inmate armed with a razor while in an exercise yard available to the inmates. Claimant suffered severe lacerations to his face and neck requiring extensive medical treatment. He filed a claim against defendant alleging that the correction officers were negligent in supervising the inmates in the yard inasmuch as they allowed an inmate to be armed and to attack him. Following claimant's filing of the note of issue and statement of readiness, defendant moved to dismiss the claim pursuant to CPLR 3211 and Court of Claims Act §§ 10 and 11 or, alternatively, to strike the note of issue. Defendant contended that the failure of claimant to specify the nature of the alleged negligence and the manner in which the alleged negligence caused his injuries rendered the claim fatally defective. The Court of Claims dismissed the claim, concluding that "the mere recitation of negligent supervision does not set forth a valid cause of action, and the mere occurrence of an assault does not lead to an inference of negligence." We reverse.

We agree with claimant that the claim is sufficient to put defendant on notice of the allegations of the claim and satisfies the pleading requirements of Court of Claims Act § 11 (b). "Court of Claims Act § 11 (b) does not require 'absolute exactness'; it requires a statement made with 'sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances'" (*Wharton v City Univ. of N.Y.,* 287 AD2d 559, 559, quoting *Grumet v State of New York,* 256 AD2d 441, 442; *see also, Heisler v State of New York,* 78 AD2d 767, 767-768). Here, the court erred in treating the motion as one for summary judgment without giving notice of its intention to do so, as required by CPLR 3211 (c), thus effectively depriving claimant of the opportunity to

present any evidence in opposition. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.