■ GLENDORA YOUNG, as Administratrix of the Estate of CARDEL WALLACE, Deceased, Appellant, v STATE OF NEW YORK (UNIVERSITY HOSPITAL OF BROOKLYN-DOWNSTATE MEDICAL CENTER), Respondent. [918 NYS2d 777]—

In this wrongful death and medical malpractice claim, the Court of Claims properly determined that so much of the claim as sought to recover damages for the conscious pain and suffering of the claimant's decedent failed to comply with Court of Claims Act § 11 (b) (*see Lepkowski v State of New York*, 1 NY3d 201, 208 [2003]; *Rodriguez v State of New York*, 8 AD3d 647 [2004]; *Cendales v State of New York*, 2 AD3d 1165, 1167 [2003]; *Grumet v State of New York*, 256 AD2d 441, 442 [1998]). Since the statutory requirements of the Court of Claims Act must be strictly construed (*see Kolnacki v State of New York*, 8 NY3d 277, 280 [2007]; *Lepkowski v State of New York*, 1 NY3d at 206-207; *Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 722-723 [1989]), the failure of the claimant to sufficiently particularize the nature of her claim with respect to her decedent's alleged conscious pain and suffering constituted a jurisdictional defect mandating dismissal (*see Prisco v State of New York*, 62 AD3d 978, 979 [2009]; *Czynski v State of New York*, 53 AD3d 881, 883 [2008]; *Robin BB. v State of New York*, 56 AD3d 932, 933 [2008]). Accordingly, the Court of Claims properly granted that branch of the defendant's cross motion which was to dismiss so much of the claim as sought to recover damages for the alleged conscious pain and suffering of the claimant's decedent.

In determining whether to deem a late claim to have been timely served and filed, the Court of Claims is required to consider, among several other factors, whether the delay in filing the claim was excusable and whether the State of New York had notice of the essential facts constituting the claim (*see* Court of Claims Act § 10 [6]). However, in light of our determination that so much of the claim as sought to recover damages for conscious pain and suffering does not comply with Court of Claims Act § 11 (b), we need not address the claimant's remaining contentions, including her contention that the Court of Claims improvidently exercised its discretion in denying that branch of her motion which was, in effect, to deem that portion of the

claim to have been timely filed and served. Balkin, J.P., Eng, Belen and Lott, JJ., concur.