Garry, J.
Appeal from an order of the Court of Claims (Collins, J.), entered January 25, 2012, which, among other things, granted defendant’s cross motion to dismiss the claim.
In February 2010, claimant filed a claim alleging, as relevant here, that he had suffered injury and harm arising from defendant’s failure to properly supervise a State Police investigator in connection with a criminal prosecution of claimant, despite the fact that defendant “knew or should have known of the investigator’s past bad investigations, wrongful arrests and improper use of his position.”[1] Claimant moved for an order to compel an in camera inspection and disclosure of the investigator’s personnel records. Defendant opposed that motion, and cross-moved pursuant to CPLR 3211 and/or 3212 for an order dismissing the claim, alleging that the notice of claim was insufficiently detailed to comply with the pleading requirements of Court of Claims Act § 11 (b), among other things. The Court of Claims granted defendant’s cross motion and dismissed the claim as jurisdictionally defective. Claimant appeals.[2]
Pursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed. “Because suits against [defendant] are allowed only by [defendant’s] waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed” (Kolnacki v State of New York, 8 NY3d 277, 280 [2007] [internal quotation marks, brackets and citations omitted]; see Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]; Lichtenstein v State of New York, 93 NY2d 911, 912-913 [1999]). Although “absolute exactness” is not required (Heisler v State of New York, 78 AD2d 767, 767 [1980]), the claim must “ ‘provide a sufficiently detailed description of the *1116 particulars of the claim to enable [defendant] to investigate and promptly ascertain the existence and extent of its liability’ ” (Robin BB. v State of New York, 56 AD3d 932, 932-933 [2008], quoting Sinski v State of New York, 265 AD2d 319, 319 [1999]). However, defendant is not required “to ferret out or assemble information that section 11 (b) obligates the claimant to allege” (Lepkowski v State of New York, 1 NY3d at 208). Failure to abide by these pleading requirements constitutes a jurisdictional defect mandating dismissal of the claim, even though this may be a harsh result (see Kolnacki v State of New York, 8 NY3d at 281; Dinerman v NYS Lottery, 69 AD3d 1145, 1146 [2010], lv dismissed 15 NY3d 911 [2010]).
Here, we agree with the Court of Claims that claimant’s allegations are not specifically detailed enough to satisfy the pleading requirements. The claim omits completely any facts giving rise to or regarding the nature of the criminal charges that were brought against claimant, or specific facts regarding the State Police investigator’s conduct. The time stated encompasses a two-year period beginning in “October and/or November, 2006” through “October, November and December, 2008.” The general location as to where the claim allegedly arose— “Albany and Schoharie counties and in the areas surrounding in the State of New York” — encompasses at least nine counties and does not provide any specific location where any of the allegedly improper conduct occurred. As claimant’s “allegations fall short of satisfying the pleading requirements of Court of Claims Act § 11 (b)” (Robin BB. v State of New York, 56 AD3d at 933), the Court of Claims properly dismissed the claim.
In light of this determination, we do not address claimant’s remaining contentions regarding either the merits of his claim or his motion to compel disclosure of the investigator’s personnel records (see e.g. Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d 972, 973-974 [2011]; Triani v State of New York, 44 AD3d 1032, 1033 [2007]).
Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

. Although not contained within the claim, other documents in the record set forth the initial basis for the investigation and the resulting charges; claimant was acquitted of all charges following a jury trial in the Richmondville Town Court.

. The claim contained additional causes of action for libel, defamation, slander and false arrest, but claimant apparently withdrew those claims prior to entry of the order, leaving only claims for malicious prosecution and negligent supervision. Claimant makes no argument on appeal regarding his claim for malicious prosecution, and we deem it to be abandoned (see Costa v Callahan, 41 AD3d 1111, 1117 [2007]).