*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    520891
_____

DELIA DAVILA, Also Known as
    DELGIA DAVILA, as
    Administrator of the
    Estate of GLORIA BONILLA,
    Deceased,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

STATE OF NEW YORK,
                        Appellant.
_____


Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.


_____


        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for appellant.

        Foulke Law Offices, Goshen (Robert N. Isseks of counsel),
for respondent.


_____


Garry, J.

        Appeals (1) from an order of the Court of Claims
(Fitzpatrick, J.), entered July 7, 2014, which, among other
things, granted claimant's motion for summary judgment on the
issue of liability, and (2) from the judgment entered thereon.

        On March 21, 2009, Gloria Bonilla (hereinafter decedent)
suffered severe injuries in a fire, leading to her death, while
residing at a home for mentally disabled individuals.  The home
was maintained and operated by the Office of Mental Retardation

and Developmental Disabilities (hereinafter OMRDD),[1] under the name Riverview Individualized Residential Alternative (hereinafter Riverview IRA). Claimant was appointed administrator of decedent's estate in March 2011, and promptly thereafter filed a claim seeking damages for decedent's conscious pain and suffering. Claimant moved for summary judgment and defendant cross-moved to dismiss the claim on the ground that claimant failed to sufficiently state the nature of the claim pursuant to Court of Claims Act § 11 (b). The Court of Claims denied defendant's cross motion to dismiss and granted claimant's motion for summary judgment. Defendant appeals, contending that the claim was jurisdictionally defective as the statutory requirements were not met.

Court of Claims Act § 11 (b) "places five specific substantive conditions upon [defendant's] waiver of sovereign immunity by requiring the claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [2003] [internal quotation marks and brackets omitted]). These statutory requirements are "strictly construed" (Kolnacki v State of New York, 8 NY3d 277, 280 [2007] [internal quotation marks and citation omitted]). The guiding principle and "purpose of the notice of claim requirement [is] to allow [defendant] to investigate the claim and to estimate its potential liability" (Matter of New York City Asbestos Litig., 24 NY3d 275, 282 [2014]; see Lepkowski v State of New York, 1 NY3d at 207). "'Absolute exactness'" is not required (Morra v State of New York, 107 AD3d 1115, 1115 [2013], quoting Heisler v State of New York, 78 AD2d 767, 767 [1980]), but the claim must enable prompt investigation and be "sufficiently specific to enable [a] defendant to reasonably infer the basis for its alleged liability" (Deep v State of New York, 56 AD3d 1260, 1261 [2008] [internal quotation marks and citation omitted]; see Heisler v State of New York, 78 AD2d at 768). Moreover, defendant is not required "to ferret out or assemble information that section 11

_____

    [1] OMRDD is now known as the Office for People With Developmental Disabilities.

(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208; accord Rivera v State of New York, 52 AD3d 1075, 1076 [2008]).

Here, the claim alleges that defendant "negligently constructed, operated and maintained Riverview IRA" and that on March 21, 2009, "as a result of said negligence," decedent "died[] while in the custody and care of [defendant.]" The claim further alleges that, "[p]rior to her expiration, [decedent] suffered extreme pain and suffering."

As relevant to the subject claim, decedent, described in her individualized service plan as "profoundly retarded," was a resident of Riverview IRA when, on March 21, 2009, a fatal fire at the facility claimed the lives of four residents, including her life. OMRDD subsequently conducted an extensive investigation and, in January 2010, issued a comprehensive report.[2] This report detailed a failure to follow the established fire drill protocol, which would have ensured decedent's evacuation through the nearest exit. She was instead guided from her room and left in another part of the building, where she suffered grave injury in the fire and, ultimately, died en route to the hospital.

Where an agency of defendant has performed the internal investigation of an incident and is therefore the primary or, perhaps, even the sole source of information upon which a claim is based, it cannot be readily found that a lack of specificity has interfered with defendant's ability to investigate a claim (see Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, 40 AD3d 719, 719 [2007]; cf. Matter of O'Shea v State of New York, 36 AD3d 706, 706-707 [2007]), nor that defendant has been improperly required to "assemble" information regarding a claim (compare Lepkowski v State of New York, 1 NY3d at 207-208; Morra v State of New York, 107 AD3d at 1116). The subject claim

---

[2] This was one of three investigative reports. There was also a report issued by the Department of State Office of Fire Prevention and Control, released in June 2009, and a grand jury report released in December 2009.

specifies the time and place of the fire, states that decedent was in defendant's "custody and care" and alleges injuries, including death, sustained as a result of defendant's negligence. In view of the particular circumstances posed here, the specific facts alleged are sufficient to allow defendant to reasonably infer a cause of action consistent with the negligent "construct[ion], operat[ion] and maint[enance]" of the facility, as alleged (see Demonstoy v State of New York, 130 AD3d 1337, 1337-1338 [2015]; Morris v State of New York, 27 AD3d 282, 283 [2006]; Santos v State of New York, 291 AD2d 851, 851 [2002]; Sinski v State of New York, 265 AD2d 319, 319 [1999]; compare Lepkowski v State of New York, 1 NY3d at 208; Robin BB. v State of New York, 56 AD3d 932, 933 [2008]). Accordingly, we agree with the Court of Claims that the subject claim met the statutory requirements.

Peters, P.J., Lahtinen, Clark and Mulvey, JJ., concur.


ORDERED that the order and judgment are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court