Egan Jr.,
 

 J. Appeal from an order of the Court of Claims (Scuccimarra, J.), entered October 27, 2016, which, among other things, granted defendant’s motion to dismiss the claim.
 

 Claimant, an inmate, filed a claim alleging that he suffered injuries as the result of actions taken by various agents and employees of defendant, as well as certain New York City police officers and private citizens. According to the claim, the injuries relate to claimant’s belief that on February 1, 1971, the date he was born, his birth certificate was turned over to an agent of defendant by hospital officials. Claimant alleges that defendant thereafter negligently allowed its employees and agents to commit fraud and violate several of his constitutional rights by failing to use his middle name in actions taken pertaining to him both as a child and an adult, as well as in various documents, including indictments against him. Claimant also challenges his felony convictions, accusing prosecutors of presenting certain evidence against him that they knew was false. Defendant moved to dismiss the claim on the grounds that claimant failed to state a cause of action and that the claim was untimely. The Court of Claims granted defendant’s motion and claimant appeals.
 
 *
 

 We affirm. “Pursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed” (Morra v State of New York, 107 AD3d 1115, 1115 [2013]; see Davila v State of New York, 140 AD3d 1415, 1415-1416 [2016]). Here, the claim vaguely asserts that claimant has suffered injuries inflicted by defendant’s employees and agents during a span of 45 years. The claim does not, however, specify the manner and extent to which claimant was injured by the omission of his middle name. Although claimant presents a list of constitutional rights that he alleges were infringed upon by defendant, including those related to religious freedom, he fails to articulate how these rights were violated. Inasmuch as defendant is not required “to ferret out or assemble information that [Court of Claims Act § ] 11 (b) obligates the claimant to allege” (Lepkowski v State of New York, 1 NY3d 201, 208 [2003]), we agree with the Court of Claims that claimant’s vague and conclusory allegations do not satisfy the statutory pleading requirements and dismissal of the claim was warranted (see Morra v State of New York, 107 AD3d at 1116; Dinerman v NYS Lottery, 69 AD3d 1145, 1146 [2010], lv dismissed 15 NY3d 911 [2010]).
 

 Further, even accepting claimant’s contention that he first became aware of the omission of his middle name from various police and court documents in April 2015, the claim was untimely inasmuch as he did not file it until March 2016, well beyond the 90-day deadline for tort or negligence claims against defendant (see Court of Claims Act § 10 [3], [3-a], [3-b]; Baysah v State of New York, 134 AD3d 1304, 1305 [2015]). Finally, as to claimant’s contention that he was falsely accused, tried and convicted due to invalid indictments and false evidence, claimant is essentially seeking judicial review of his convictions, and his request for monetary damages is clearly incidental to this claim. Therefore, the Court of Claims lacks subject matter jurisdiction to decide the claims challenging his convictions (see Walker v State of New York, 151 AD3d 1147, 1147-1148 [2017]; Green v State of New York, 90 AD3d 1577, 1578 [2011], lv dismissed and denied 18 NY3d 901 [2012]). Claimant’s remaining arguments have been considered and found to be without merit.
 

 Garry, J.P., Lynch, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 In the order being appealed from, the Court of Claims also denied a request by claimant for permission to file a late claim. Inasmuch as claimant failed to address this issue in his brief upon appeal, he has abandoned any arguments that could be raised in that regard (see Williams v State of New York, 235 AD2d 776, 777-778 [1997], lv denied 90 NY2d 806 [1997]).