Kimball Brooklands Corp. v State of New York (2020 NY Slip Op 01337)





Kimball Brooklands Corp. v State of New York


2020 NY Slip Op 01337


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-05438

[*1]Kimball Brooklands Corporation, appellant, 
v
State of New York, respondent. (Claim No. 122734)


The Deiorio Law Group, PLLC, Rye Brook, NY (Vincent Gelardi of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, David S. Frankel, and Blair Greenwald of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for injury to property, the claimant appeals from an order of the Court of Claims (Debra A. Martin, J.), dated January 31, 2017. The order denied the claimant's motion for summary judgment on the issue of liability and granted the defendant's cross motion, inter alia, to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b).
ORDERED that the order is affirmed, with costs.
The claimant filed this claim against the State of New York to recover damages to its property resulting from severe flooding on August 28, 2011, when, due to Hurricane Irene, the Grassy Sprain Brook, a tributary of the Bronx River, overflowed and flooded the claimant's real property. Following the completion of discovery, the claimant moved for summary judgment on the issue of liability. In support of the motion, the claimant argued, among other things, that the State had a duty to maintain a concrete flood protection wall that the State had constructed along the western boundary of the claimant's property in such condition as would prevent the flooding of the property, and that the State breached that duty by failing to prevent the property from flooding during the storm on August 28, 2011. The State cross-moved to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b) or, in the alternative, for summary judgment dismissing the claim. In an order dated January 31, 2017, the Court of Claims denied the claimant's motion and granted the State's cross motion. The claimant appeals.
We agree with the determination of the Court of Claims that the claimant's allegations of negligence in both the notice of intention to file a claim and the notice of claim were not sufficiently specific to satisfy the pleading requirements of Court of Claims Act § 11(b). Court of Claims Act § 11(b) requires a claim to specify "(1) the nature of [the claim]'; (2) the time when' it arose; (3) the place where' it arose; (4) the items of damage or injuries claimed to have been sustained'; and (5) the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207, quoting Court of Claims Act § 11[b]). " [B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, [*2]quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Kolnacki v State of New York, 8 NY3d 277, 281).
"[A]bsolute exactness is not required" (Morra v State of New York, 107 AD3d 1115, 1115 [internal quotation marks omitted]; see Wharton v City Univ. of N.Y., 287 AD2d 559, 559). However, "the claim must provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability'" (Morra v State of New York, 107 AD3d at 1115-1116, quoting Robin BB. v State of New York, 56 AD3d 932, 932; see Matter of New York City Asbestos Litig., 24 NY3d 275, 282; Davila v State of New York, 140 AD3d 1415, 1416). " [C]onclusory or general allegations of negligence that fail to [state] the manner in which the claimant was injured and how the State was negligent do not meet its requirements'" (Wharton v City Univ. of N.Y., 287 AD2d at 560, quoting Grumet v State of New York, 256 AD2d 441, 442). The State "is not required to ferret out or assemble information that section 11(b) obligates the claimant to allege'" (Davila v State of New York, 140 AD3d at 1416, quoting Lepkowski v State of New York, 1 NY3d at 208). A claimant's failure to sufficiently particularize the nature of its claim constitutes a jurisdictional defect mandating dismissal (see Fairchild Corp. v State of New York, 117 AD3d 780, 780; Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d 972, 973).
Here, the claimant failed to allege in either the notice of intention to file a claim or the notice of claim the particular manner in which the State was negligent, including, as the claimant subsequently sought to establish in support of its motion for summary judgment, that the claimant's property was damaged as a result of the State's failure to repair and maintain the flood protection wall identified in the claimant's motion papers. The claimant's omission is not remedied by the State's access to information or knowledge of the claim from its own records. " [T]he State is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11'" (Hargrove v State of New York, 138 AD3d 777, 778, quoting Cobin v State of New York, 234 AD2d 498, 498; see Lepkowski v State of New York, 1 NY3d at 208).
Accordingly, we agree with the determination of the Court of Claims to grant that branch of the State's cross motion which was to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b) (see Matter of New York City Asbestos Litig., 24 NY3d at 282; Morra v State of New York, 107 AD3d at 1115-1116; Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d at 973; Robin BB. v State of New York, 56 AD3d at 932-933).
In light of the foregoing determination, the parties' remaining contentions need not be reached.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court