Gabbur v State of New York (2022 NY Slip Op 00850)





Gabbur v State of New York


2022 NY Slip Op 00850


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-00993

[*1]Nagaraj Gabbur, etc., et al., appellants, 
v
State of New York, et al., respondents. (Claim No. 129136)


Ballon Stoll Bader & Nadler, P.C., New York, NY (Marshall B. Bellovin of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for breach of contract, the claimants appeal from an order of the Court of Claims (Faviola A. Soto, J.), dated October 15, 2018. The order granted the defendants' motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
The claimants are doctors and clinical assistant professors employed by SUNY Downstate Medical Center University Hospital of Brooklyn. On September 4, 2015, the claimants served individual notices of intention to file a claim (hereinafter the notices) against the State of New York and SUNY Downstate Medical Center (hereinafter together the State), alleging, inter alia, the failure to pay certain agreed-upon compensation, and indicating that the date of their claims was "2008 to present." In January 2017, the claimants jointly filed a claim against the State alleging various causes of action, including breach of contract.
Thereafter, by notice of motion dated December 5, 2017, the State moved pursuant to CPLR 3212 and Court of Claims Act §§ 10 and 11 for summary judgment dismissing the claim on the grounds that the notices were jurisdictionally defective and the claim was untimely. The Court of Claims granted the State's motion, and the claimants appeal.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Kolnacki v State of New York, 8 NY3d 277, 281). "[A]bsolute exactness is not required" (Morra v State of New York, 107 AD3d 1115, 1115 [internal quotation marks omitted]; see Wharton v City Univ. of N.Y., 287 AD2d 559, 559). However, "the claim must 'provide a sufficiently detailed description of the particulars of the claim to enable [the defendant] to investigate and promptly ascertain the existence and extent of its liability'" (Morra v State of New York, 107 AD3d at 1115-1116, quoting Robin BB. v State of New York, 56 AD3d 932, 932 [internal quotation marks omitted]; see Matter of New York City Asbestos Litig., 24 NY3d 275, 282; Davila v State of New York, 140 AD3d 1415, 1416). For purposes of the Court of Claims Act, [*2]"a claim accrues when damages are reasonably ascertainable" (Prisco v State of New York, 62 AD3d 978, 978; see Local 851 of Intl. Bhd. of Teamsters v State of New York, 36 AD3d 672, 673). "The failure to comply with the filing deadlines set forth in the Court of Claims Act § 10 is a jurisdictional defect which compels the dismissal of the claims" (Local 851 of Intl. Bhd. of Teamsters v State of New York, 36 AD3d at 673).
Here, the State established its prima facie entitlement to judgment as a matter of law by demonstrating that the claimants' notices were jurisdictionally defective and the claim was untimely (see Morra v State of New York, 107 AD3d at 1116; Prisco v State of New York, 62 AD3d at 978). In opposition, the claimants failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Court of Claims properly granted the State's motion for summary judgment dismissing the claim.
The claimants' remaining contentions are without merit.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court