Correa v State of New York (2022 NY Slip Op 05074)

Correa v State of New York

2022 NY Slip Op 05074

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-02802

[*1]Monique Correa, etc., appellant, 
v
State of New York, respondent. (Claim No. 125269)

The Law Office of James V. Mattone, PLLC, Bayside, NY (Nora Constance Marino of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated October 18, 2019. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross motion for leave to amend the claim.
ORDERED that the order is affirmed, with costs.
In 2013, the claimant's decedent, Jacques Seccatore, allegedly was injured when he was struck by a motor vehicle while crossing a roadway. According to the claimant, the driver's view of Seccatore was obstructed by construction barriers placed on the roadway by a contractor hired by the State of New York to perform certain construction work.
Seccatore timely served upon the Office of the Attorney General a notice of intention to file a claim for damages for personal injuries, which set forth, among other things, the specific injuries allegedly sustained by Seccatore. Thereafter, Seccatore timely served and filed a claim that, unlike the notice of intention, failed to specify any injuries he had allegedly sustained as a result of the accident. Seccatore died in 2016, and his daughter, Monique Correa, was substituted as the claimant in her capacity as administrator of his estate.
The State subsequently moved for summary judgment dismissing the claim for lack of subject matter jurisdiction due to the claimant's failure to state any injuries in the claim. The claimant cross-moved for leave to amend the claim to supply the missing information. The Court of Claims granted the State's motion and denied the claimant's cross motion. The claimant appeals.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Kolnacki v State of New York, 8 NY3d 277, 280). Court of Claims Act § 11(b) places "specific substantive conditions upon the State's waiver of sovereign immunity" by requiring the claim to specify, inter alia, "(1) the nature of the claim; (2) the [*2]time when it arose; (3) the place where it arose; [and] (4) the items of damage or injuries claimed to have been sustained" (Lepkowski v State of New York, 1 NY3d 201, 207 [internal quotation marks omitted]; see Court of Claims Act § 11[b]). "The failure to satisfy any of the[se] conditions is a jurisdictional defect" (Kolnacki v State of New York, 8 NY3d at 281; see Lepkowski v State of New York, 1 NY3d at 209), which may not be cured by amendment (see Nasir v State of New York, 41 AD3d 677, 677).
Here, the claim failed to satisfy the jurisdictional requirements of section 11(b) since it failed to state any injuries alleged to have been sustained by Seccatore as a result of the accident. Even if, as the claimant argues, the defect did not deprive the State of the ability to investigate the claim in light of the claimant's timely served notice of intention setting forth Seccatore's injuries, the "[l]ack of prejudice to the State is immaterial," as "a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice" (Matter of DeMairo v State of New York, 172 AD3d 856, 857). "Although the result may be harsh, it is for the Legislature, not [the] [c]ourt[s], to set the terms of the State's waiver of immunity" (Kolnacki v State of New York, 8 NY3d at 281).
Accordingly, the Court of Claims properly granted the State's motion for summary judgment dismissing the claim for lack of subject matter jurisdiction and denied the claimant's cross motion for leave to amend the claim.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court