Wimbush-Burkett v State of New York (2023 NY Slip Op 02804)

Wimbush-Burkett v State of New York

2023 NY Slip Op 02804

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-00735

[*1]Una Wimbush-Burkett, appellant, 
v
State of New York, respondent. (Claim No. 136559)

Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Mark C. Zauderer, and Ira B. Matetsky of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Elizabeth A. Brody of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), dated December 22, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(2) to dismiss so much of the claim as relates to the alleged sexual assault perpetrated by Hector, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The claimant commenced this claim against the State of New York pursuant to the Child Victims Act (hereinafter the CVA) to recover damages for negligence. The claimant alleged that in approximately 1969, when she was approximately 10 years old, she was admitted as a resident to Rockland Psychiatric Center (hereinafter RPC). During the first year of her admission, she allegedly was sexually abused in RPC's auditorium by Hector, another minor resident. She allegedly reported the assault to an RPC staff member, who informed two other staff members. The claimant further alleged that she was thereafter assaulted in the facility's kitchen by Kozart, an adult who was employed by RPC as a cook. The claimant, however, did not specify a time frame within which this second assault allegedly occurred.
The State subsequently moved pursuant to CPLR 3211(a)(2) to dismiss the claim. The State argued that the Court of Claims lacked subject matter jurisdiction over the claim because the claimant's allegations did not satisfy the "time when" pleading requirement of Court of Claims Act § 11(b). The claimant opposed the motion. By order dated December 22, 2021, the Court of Claims granted the motion, and the claimant appeals.
"Court of Claims Act § 11(b) requires a claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Weichsel v State of New York, 211 AD3d 988, 989 [alterations and internal quotation marks omitted]). A failure to comply with the requirements set forth in section 11(b) is a jurisdictional defect that requires dismissal of the claim (see Criscuola v State of New York, 188 AD3d 645, 646). "[A] sufficiently detailed description of the particulars of the claim" is necessary because "[t]he purpose of the section 11(b) pleading [*2]requirements is . . . to enable the State to investigate and promptly ascertain the existence and extent of its liability" (id. at 646 [internal quotation marks omitted]). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Weichsel v State of New York, 211 AD3d at 989 [alterations and internal quotation marks omitted]). However, "'[a]bsolute exactness is not required,'" so long as the particulars of the claim are detailed in a manner sufficient to permit investigation (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032, quoting Morra v State of New York, 107 AD3d 1115, 1115; see Smith v State of New York, 213 AD3d 789, 790).
Here, the Court of Claims properly directed dismissal of so much of the claim as relates to the alleged sexual assault perpetrated by Kozart. The claimant's allegation that this assault occurred at an unspecified point after the assault perpetrated by Hector was insufficient to satisfy the "time when" requirement of Court of Claims Act § 11(b).
Nevertheless, the Court of Claims erred in directing dismissal of so much of the claim as relates to the alleged sexual assault perpetrated by Hector. The claimant alleged, inter alia, that she was admitted to RPC in 1969 when she was 10 years old, and that Hector assaulted her in the auditorium in the first year of her admission. Contrary to the State's argument, the claimant was not required to allege the exact dates on which the sexual abuse occurred (see Wagner v State of New York, 214 AD3d 930; Meyer v State of New York, 213 AD3d 753, 756-757; Fenton v State of New York, 213 AD3d 737, 740-741).
Accordingly, we modify the order by deleting the provision thereof granting that branch of the State's motion which was pursuant to CPLR 3211(a)(2) to dismiss so much of the claim as relates to the alleged sexual assault perpetrated by Hector, and substituting therefor a provision denying that branch of the motion.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court