Sardegna v State of New York (2023 NY Slip Op 03877)

Sardegna v State of New York

2023 NY Slip Op 03877

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05166

[*1]Jeffrey Sardegna, etc., appellant, 
v
State of New York, respondent. (Claim No. 131903)

Bailly and McMillan, LLP, White Plains, NY (Richard DePonto of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for wrongful death, the claimant appeals from an order of the Court of Claims (Maureen T. Liccione, J.), dated June 18, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2017, the claimant served upon the Office of the Attorney General a notice of intention to file a claim for damages based upon the alleged negligence of the State of New York in maintaining an intersection in Suffolk County. The notice of intention alleged that the claimant's decedent was a passenger in a motor vehicle that was traveling east on Route 25A and attempting a left turn onto Hallock Landing Road, when that vehicle was struck by a motor vehicle that was traveling west on Route 25A. The notice of intention also set forth a list of several alleged acts and omissions by the State. Thereafter, the claimant served a claim that set forth the list of alleged acts and omissions by the State, but failed to set forth any factual information about the motor vehicle accident other than the time and place.
The State subsequently moved for summary judgment dismissing the claim for lack of subject matter jurisdiction due to, inter alia, the claimant's failure to state any factual allegations in the claim. The Court of Claims, among other things, granted the State's motion. The claimant appeals.
Court of Claims Act § 11(b) requires a claim "to specify (1) the nature of [the claim]; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [internal quotation marks omitted]; see Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032). "The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability" (Sinski v State of New York, 265 AD2d 319, 319; see Criscuola v State of New York, 188 AD3d 645, 646). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Lepkowski v State of New York, 1 NY3d at 206-207; [*2]Lichtenstein v State of New York, 93 NY2d 911, 913). "Conclusory or general allegations of negligence that fail to [state] the manner in which the claimant was injured and how the State was negligent do not meet its requirements" (Kimball Brooklands Corp. v State of New York, 180 AD3d at 1032 [alterations and internal quotation marks omitted]; see Wharton v City Univ. of N.Y., 287 AD2d 559, 560). "A claimant's failure to sufficiently particularize the nature of its claim constitutes a jurisdictional defect mandating dismissal" (Kimball Brooklands Corp. v State of New York, 180 AD3d at 1032).
Here, the claim failed to satisfy the jurisdictional requirements of section 11(b) since it failed to state any factual allegations about the motor vehicle accident other than the time and place (see id. at 1033; Dixon v State of New York, 153 AD3d 1529, 1530; Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d 972, 973; Grumet v State of New York, 256 AD2d 441, 442). Even if, as the claimant argues, the defect did not deprive the State of the ability to investigate the claim in light of the claimant's notice of intention setting forth the requisite factual allegations, "the '[l]ack of prejudice to the State is immaterial,' as 'a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice'" (Correa v State of New York, 208 AD3d 847, 849, quoting Matter of DeMairo v State of New York, 172 AD3d 856, 857; see Kolnacki v State of New York, 8 NY3d 277, 281; Lepkowski v State of New York, 1 NY3d at 208).
Accordingly, the Court of Claims properly granted the State's motion for summary judgment dismissing the claim for lack of subject matter jurisdiction.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court