Williams v State of New York (2024 NY Slip Op 00791)

Williams v State of New York

2024 NY Slip Op 00791

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-06906

[*1]Malikha Williams, appellant, 
v
State of New York, respondent. (Claim No. 136038)

Thomas Counsel at Law, LLC, New York, NY (Kathleen R. Thomas of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Elizabeth A. Brody, and Daniel Saul Magy of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated August 13, 2021. The order denied the claimant's motion, inter alia, in effect, for leave to file a late claim pursuant to Court of Claims Act § 10(6), and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is affirmed, with costs.
In February 2021, the claimant filed this claim against the State of New York, inter alia, to recover damages for negligent hiring, supervision, and retention, and medical malpractice, alleging, among other things, that she was sexually abused by a State employee while she was in the State's care, and that the State failed to properly treat her epileptic seizure disorder while she was in the State's care. The claimant moved, inter alia, in effect, for leave to file a late claim pursuant to Court of Claims Act § 10(6). The State opposed the claimant's motion and cross-moved pursuant to CPLR 3211(a) to dismiss the claim. The State contended that the Court of Claims lacked subject matter jurisdiction over the claim because the claimant failed to adequately allege the "time when" or the "place where" the claim arose in compliance with Court of Claims Act § 11(b). By order dated August 13, 2021, the Court of Claims granted the State's cross-motion on the ground that the claim failed to comply with the pleading requirements of Court of Claims Act § 11(b), and denied the claimant's motion. The claimant appeals.
Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) the nature of [the claim]; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [internal quotation marks omitted]; see Kolnacki v State of New York, 8 NY3d 277, 280). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law," strict compliance with these jurisdictional requirements of section 11(b) is necessary (Kolnacki v State of New York, 8 NY3d at 280 [alterations and internal [*2]quotation marks omitted]).
The "guiding principle informing" section 11(b)'s pleading requirements is that the information be sufficiently definite "'to enable the State . . . to investigate the claim[ ] promptly and to ascertain its liability under the circumstances'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; see Morra v State of New York, 107 AD3d 1115, 1115; Heisler v State of New York, 78 AD2d at 767), but the "Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208).
Here, the claim failed to comply with the pleading requirements of Court of Claims Act § 11(b) because it did not adequately set forth when the acts constituting the claim arose or the place where the acts constituting the claim arose (see Weichsel v State of New York, 211 AD3d 988, 989; Gabbur v State of New York, 202 AD3d 761, 761-762; Robin BB. v State of New York, 56 AD3d 932, 933). The Court of Appeals has made it clear that regardless of whether a defendant could "easily ascertain from its . . . records exactly when and where [the] claim arose," that "is not the State's burden" (Lepkowski v State of New York, 1 NY3d at 208; see Sacher v State of New York, 211 AD3d 867, 875). The claimant also failed to particularize the nature of the claim with respect to the State's alleged negligence in hiring and supervising its medical personnel, and the alleged acts of medical malpractice, including the injures sustained (see Correa v State of New York, 208 AD3d 847, 849; Cendales v State of New York, 2 AD3d 1165, 1167-1168). Moreover, even if, as the claimant contends, the defects in the claim did not deprive the State of the ability to investigate so much of the claim as alleged that the claimant was sexually abused by an employee of the State, "the '[l]ack of prejudice to the State is immaterial,' as 'a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice'" (Correa v State of New York, 208 AD3d at 849, quoting Matter of DeMairo v State of New York, 172 AD3d 856, 857; see Sardegna v State of New York, 218 AD3d 700).
Accordingly, since the failure to comply with the requirements of Court of Claims Act § 11(b) is a jurisdictional defect, the Court of Claims properly granted the State's cross-motion pursuant to CPLR 3211(a) to dismiss the claim, and properly denied the claimant's motion, inter alia, in effect, for leave to file a late claim (see Smith v State of New York, 213 AD3d 789, 791).
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court