New York LGBT Network, Inc. v State of New York (2025 NY Slip Op 51954(U))

[*1]

New York LGBT Network, Inc. v State of New York

2025 NY Slip Op 51954(U)

Decided on December 1, 2025

Court Of Claims

St. George, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 1, 2025
Court of Claims

New York LGBT Network, Inc. d/b/a 
 THE LGBT NETWORK, Claimant,

against
The State of New York,[FN1] Defendant.

Claim No. 141845

For Claimant:
Lieb at Law, P.C.
By: Cheryl L. Berger, Esq. 
For Defendant:
Letitia James, New York State Attorney General
By: Robert E. Morelli, Assistant Attorney General

Carmen Victoria St. George, J.

The following electronically filed papers were read upon these motions:
Notice of Motion 8-12; 15-26
Answering Papers 29-48
Reply 68-69; 70-72; 73-75
The claimant alleges that the New York State Department of Health (DOH) improperly terminated various contracts under which claimant provided services to members of the community and did not reimburse claimant for services performed, setting forth causes of action for breach of contract, fraudulent inducement, quantum meruit, unjust enrichment, and promissory estoppel. 
The defendant 
moves this Court for an Order dismissing the claim in its entirety pursuant to CPLR §§ 3211 (a)(1), (7), and (8), and Court of Claims Act (CCA) §§ 10 and 11. It is alleged by the claimant that the defendant/DOH breached the contracts on March 4, 2022. Within six months of that date, on August 15, 2022, claimant filed a Notice of Intention to File a Claim. Accordingly, the claim should have been filed and served no later than March 4, 2024. Although the claim was filed with the Court on March 1, 2024, it was not served upon the Attorney General until March 14, 2024, more than two years after the claim accrued (CCA § 10 [4]). The claimant concedes that the claim was not timely served upon the Office of the Attorney General.
The service requirements set forth in the Court of Claims Act are jurisdictional in nature and therefore must be strictly construed (see Finnerty v New York State Thruway Authority, 75 NY2d 721 [1989]). The failure to timely file and serve its claim is a jurisdictional defect (Chaudry v State of New York, 167 AD3d 704 [2d Dept 2018]; Bergmann v State of New York, 281 AD2d 731 [3d Dept 2001]; Byrne v State of New York, 104 AD2d 782 [1st Dept 1984], lv denied 64 NY2d 607 [1985]). On this basis alone, dismissal of the claim is warranted.
In its cross-motion, the claimant seeks late claim relief in the form of deeming the claim timely filed nunc pro tunc.[FN2]
In the alternative, claimant seeks leave to serve the claim [FN3]
that was filed on March 1, 2024 (late claim relief), "or at a minimum, treating the Notice of Intention to Sue as the Claim pursuant to § 10 (8)." 
CCA § 10 (8) that provides in relevant part as follows:
A claimant who timely serves a notice of intention but who fails to timely serve or file a claim may, nevertheless, apply to the court for permission to treat the notice of intention as a claim. The court shall not grant such application unless: it is made upon motion before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules; the notice of intention was timely served, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant (emphasis added).
Turning first to the issue of whether the Notice of Intention to Sue (hereinafter "NOI"), should be treated as the claim, the Court must determine if it complies with CCA § 11(b). Like the claim itself, the NOI must also contain facts sufficient to constitute a claim (Edens v State of New York, 259 AD2d 729, 730 [2d Dept 1999]).
CCA § 11 (b) provides in pertinent part as follows:
The claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, medical, dental or podiatric malpractice or wrongful death, the total sum claimed. . .The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court. 
Sufficiency under Section 11(b) is subject to strict scrutiny as sections 10 and 11 of the Act are jurisdictional in nature (see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; see also Dreger v New York State Thruway Authority, 81 NY2d 721, 724 [1992]). A jurisdictional defect cannot be remedied by asserting that the State has access to information or knowledge of the claim based on its own records (see Kimball Brooklands Corporation v. State of New York, 180 AD3d 1031, 1033 [2d Dept 2020]), and the State "is not required to go beyond the claim or notice of intention in order to be able to investigate an occurrence or to obtain information necessary for such an investigation to occur" (Lepkowski, supra at 208; Kimball Brooklands Corp., supra at 1033). 

Moreover, "[l]ack of prejudice to the State is immaterial and a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice" if there is a failure to strictly comply with the statutory requirements of CCA § 11 (b) (Matter of DeMairo v State of New York, 172 AD3d 856, 857 [2d Dept 2019]).
Since it is clear that CCA § 11(b) is "jurisdictional in nature and, therefore, must be strictly construed" (Finnerty, supra at722), failure to comply with the statute deprives the Court of Claims of subject matter jurisdiction over the claim (Lepkowski, supra at 206-209). Neither a jurisdictionally defective notice of intention nor a jurisdictionally defective claim can be cured by amendment (Sacher v State of New York, 211 AD3d 867, 870 [2d Dept 2022]; Matter of DeMairo, supraat 857; Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]). Also, a jurisdictionally defective claim cannot be saved by an earlier served NOI that contains all the required information (Sardenga v State of New York, 218 AD3d 700 [2d Dept 2023]; Correa v State of New York, 208 AD3d 847 [2d Dept 2022]).
Claimant asserts that the NOI complies with CCA § 11 (b) "by providing all information needed to adjust the claim" (Affirmation in Support of Cross-Motion, NYSCEF Doc. No. 16, p. 14). This Court disagrees. Here, the NOI does not contain all the required information because not only are the contracts not annexed to the NOI, but the NOI fails to specify the exact contractual provisions that were allegedly breached, or the specific requests for reimbursement that were unpaid. For example, the NOI alleges only that the DOH "breached its contractual obligations to reimburse [claimant]," "issued erroneous corrective actions in response to misguided findings and false allegations," "unilaterally and unlawfully terminated" the contracts, and "prevent[ed] The LGBT Network from submitting vouchers and fail[ed] to reimburse or otherwise pay The LGBT Network for services provided." Considering that the NOI mentions eight contracts, and the Court has learned that each of those contracts consists of numerous pages, the breaches alleged in broad and general terms, are insufficient under CCA § 11 (b) (Schindler Elevator Corp. v The City University of New York, Claim No. 129037, M-89053, at 3 [Ct Cl 2016]; see also NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061 [2d Dept [*2]2020]; Sutton v Hafner Valuation Group, Inc., 115 AD3d1039, 1042 [3d Dept 2014]; Barker v Time Warner Cable, Inc., 83 AD3d 750, 751 [2d Dept 2011]). 
Furthermore, by the claimant's own admission, the "total sum claimed" (CCA § 11 [b]) is not able to be stated with specificity as evidenced by claimant's assertion that "[t]he sole question at hand is how much is owed by the State to the LGBT Network" (emphasis in original) (Affirmation in Support of Cross-Motion, NYSCEF Doc. No. 16, ¶ 41). Although this information is not required in a NOI per CCA § 11 (b), the claimant's request to treat the NOI as a claim pursuant to CCA § 10 (8) necessarily requires that this information be in the NOI, which it is not, other than the vague statement that the "DOH's breach caused Claimant damages in an amount believed to be in excess of $1.2 million. . ." (emphasis added) (NOI, NYSCEF Doc. No. 11, ¶43). Accordingly, the NOI cannot be treated as the claim based upon these jurisdictional defects, warranting denial of that branch of claimant's cross-motion seeking relief pursuant to CCA § 10 (8).
Even assuming that the claim was timely, which it was not, it, too, is jurisdictionally defective because it fails to annex the contracts and allegedly unpaid vouchers sued upon. It also fails to specify the exact terms of the contracts that were allegedly breached and the purportedly outstanding and unpaid amounts due on each voucher. These failures render the claim jurisdictionally defective for the same reasons that the NOI is determined to be jurisdictionally defective. Furthermore, claimant fails to state the "total sum" at issue, as evidenced by assertions that it has been damaged "in an amount to be determined at trial but in no event less than $5,000,000" for breach of contract, fraudulent inducement, promissory estoppel and unjust enrichment, and no less than 3.9 million dollars for quantum meruit. For all these reasons, defendant's motion to dismiss the claim on jurisdictional grounds is warranted.
Claimant's assertion that "the Court is already in possession of the Claim, as it was filed with the Court to commence the action" (emphasis added) (Reply Affirmation in Further Support of Cross-Motion, NYSCEF Doc. No. 70, ¶ 76) is misplaced. Claimant ignores CCA § 10 (4) providing that, "[a] claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed and served upon the attorney general within six months after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after such accrual" (emphasis added). The mere filing of the claim on March 1, 2024 did not "stop the clock" or commence the action because filing without service does not commence an action or confer jurisdiction in the Court of Claims. Commencement of an action in the Court of Claims occurs when the claim is filed with the Clerk of the Court and a copy is served upon the Attorney General (CCA §§ 10 [4], 11 [a] [i]).
As conceded by claimant, the Office of the Attorney General was not served until after the two-year period expired. "The time limitations in the Court of Claims Act . . . are distinctly concerned with the subject matter jurisdiction of the Court of Claims as the State has waived its sovereign immunity against suit only to the extent that claimants comply with the provisions of the statute" (Lyles v State of New York, 3 NY3d 396, 400 [2004]).
Section 8 of the Court of Claims Act provides that, "[t]he state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court [*3]against individuals or corporations, provided the claimant complies with the limitations of this article" (emphasis added).
"Article II, section 10 of the Court of Claims Act could not be any clearer in conditioning the waiver of sovereign immunity on compliance with the time limitations for filing claims it sets forth. It states that 'no judgment shall be granted in favor of any claimant unless such claimant shall have complied' with the time limitations established in that section" (Alston v State of New York, 97 NY2d 159, 163 [2001], quoting CCA § 10; Pencol Contracting Corp. v State of New York, UID No. 2019-015-199 [Ct Claims 2019] [while the notice of intention was timely served, the claim was not timely filed, having been filed more than two years after the claim accrued; consequently, claimant's breach of contract cause of action was dismissed]). 
Furthermore, claimant's mention of its "timely service" of a "courtesy copy" of the claim upon the DOH is not relevant or sufficient to confer jurisdiction because the agency lacks a corporate identity independent of the State (see Morell v Balasubramanian, 70 NY2d 297, 300-301 [1987]; Monreal v New York State Department of Health, 38 AD3d 1118, 1119 [3d Dept 2007]).
Based upon the jurisdictional defects in the NOI as discussed herein, it cannot be deemed a claim for purposes of CCA § 10 (8). The claim also suffers from the same jurisdictional defects, in addition to the fact that it was concededly untimely served upon the Attorney General's Office, in violation of CCA § 10 (4); accordingly, dismissal of the entire claim filed on March 1, 2024 is warranted.[FN4]

The existing jurisdictional defects existing in this matter as set forth herein require denial of claimant's cross-motion for relief brought pursuant to CCA § 10 (6) as academic. The Court notes, however, that there is no proposed claim attached to the cross-motion as an exhibit. Claimant's counsel's reference to CPLR § 2214 concerning motion papers and stating that "the moving party is responsible for furnishing only those papers that are 'not already in the possession of the court necessary to the consideration of the questions involved'"[FN5]
is woefully misplaced because it utterly ignores the requirements of CCA § 10 (6) that, ab initio, requires "[t]he claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application" (emphasis added) (see Davis v State of New York, 28 AD2d 609 [3d Dept 1967]; Starks v State of New York, 84 Misc 3d 1223 [A] [Ct Claims 2024]; Vargas v State of New York, UID No. 2019-032-020 [Ct Claims 2019]; Guamal v State of New York, UID No. 2018-053-541 [Ct Claims 2018]). 
Accordingly, it is hereby
ORDERED that the defendant's motion is granted, and the claim is dismissed in its entirety (M-100757), and it is further
ORDERED that the claimant's cross-motion is denied (CM-100991).
LET JUDGMENT BE ENTERED ACCORDINGLY.
Hauppauge, New York
December 1, 2025
CARMEN VICTORIA ST. GEORGE
Judge of the Court of Claims

Footnotes

Footnote 1:Under the circumstances of this action, the only proper defendant is the State of New York; therefore, the caption is amended sua sponte to reflect the State as the sole defendant.

Footnote 2:It is well settled that the Court of Claims does not have nunc pro tunc powers to deem a claim timely when it was not, since untimeliness constitutes a jurisdictional defect (Bergmann, supra at 733-734; Heiberger v State of New York, UID No. 2012-028-540 [Ct Claims 2012]); therefore, that relief is denied.

Footnote 3:The Court notes that the "Verified Claim" filed on March 1, 2024 bears a written notation, "Jury Trial Demand," on the first page. There is no right to a jury trial in the Court of Claims (NY Const, Art 6, §16, subd b; CCA § 12 [3]).

Footnote 4:Whether claimant's causes of action for quantum meruit, unjust enrichment and promissory estoppel are based upon the same alleged facts that underlie the allegations concerning breach of contract or not, the time for filing and service of such causes of action is governed by CCA § 10 (4), and the cause of action for fraudulent inducement, an intentional tort, bears a shorter time limit for the filing and service (90 days/one year ) (CCA § 10 [3-b]).

Footnote 5:Reply Affirmation in Further Support of Cross-Motion, NYSCEF Doc. No. 70, ¶76.